IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS LLC,<br><br>Defendant. | C.A. No. 15-611 (RGA) |
| TQ DELTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COXCOM LLC and<br>COX COMMUNICATIONS INC.,<br><br>Defendants. | C.A. No. 15-612 (RGA) |
| TQ DELTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE INC. and TIME<br>WARNER CABLE ENTERPRISES LLC,<br><br>Defendants. | C.A. No. 15-615 (RGA) |
| TQ DELTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON SERVICES CORP.,<br><br>Defendant. | C.A. No. 15-616 (RGA) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF TQ DELTA'S MOTION FOR REARGUMENT, RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S MEMORANDUM ORDER DIRECTED TO SPECIAL MASTER ORDER NO. 18**


MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendants Comcast Cable Communications LLC, CoxCom LLC, Cox Communications Inc., Time Warner Cable Inc., and Time Warner Cable Enterprises LLC*

GREENBERG TRAURIG, LLP
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7352
schladweilerb@gtlaw.com

*Attorneys for Defendant Verizon Services Corp.*

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
John R. Gibson
Jennifer H. Forte
DUANE MORRIS LLP
1075 Peachtree Street N.E., Suite 1700
Atlanta, GA 30309-3929
(404) 253-6900

Joseph A. Powers
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

John M. Baird
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC 2004-2166
(202) 776-7819

Stephanie Vazquez
DUANE MORRIS LLP
201 S. Biscayne Boulevard, Suite 3400
Miami, FL, 33131-4325
(305) 960-2200


October 5, 2022

## I. INTRODUCTION

Defendants Comcast Cable Communications LLC, Coxcom LLC, Cox Communications Inc., Time Warner Cable Inc., Time Warner Cable Enterprises LLC, and Verizon Services Corp. ("Defendants") respectfully submit this opposition to Plaintiff TQ Delta, LLC's ("TQ Delta") motion for reargument, reconsideration and/or clarification of the Court's September 7, 2022 Order (D.I. 517),[1] which overruled TQ Delta's objections to Special Master Order No. 18 (D.I. 471, "SMO 18") and adopted the Special Master's report in full (D.I. 532, "the Motion").

TQ Delta has not met its burden of showing why reargument, reconsideration, or further clarification of the Court's September 7 Order is warranted. TQ Delta appears to seek confirmation from the Court that SMO #18 did not find that the Accused Products did not practice the MoCA Standard. D.I. 532 at 1. As an initial matter, Defendants have not stated to TQ Delta that SMO #18 determined as a matter of law that the Accused Products do not practice the MoCA Standard. SMO #18 is self-explanatory: it struck a DOE infringement theory. Defendants believe that the Accused Products do not practice the MoCA standard, and the findings in SMO#18 support that belief. If TQ Delta is unwilling to drop its accusations against the MoCA standard in light of a clear record that Defendants do not infringe, then Defendants will file a summary judgment motion at the appropriate time. But that time is not now, and Defendants' position is that this Motion should be denied.

Defendants note that TQ Delta did not even raise this issue or reach out to Defendants until three hours before it filed its motion. This was likely because, as explained above, Defendants have not taken any position on the question presented in TQ Delta's motion, *i.e.*, the potential

---

[1] All docket cites herein are to the docket in C.A. No. 15-611-RGA, unless otherwise indicated.

application of SMO #18 to a hypothetical future scenario. In short, TQ Delta's motion seeks an advisory opinion, and it should be denied.

## II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On May 24, 2022, the Special Master issued SMO #18, striking portions of TQ Delta's doctrine of equivalents infringement theories as set forth in its Second Amended Final Infringement Contentions as untimely. D.I. 471 at 15. On June 14, 2022, TQ Delta filed objections to SMO #18 (D.I. 472), to which Defendants responded (D.I. 483). On September 7, 2022, the Court issued the Memorandum Order overruling TQ Delta's objections, adopting the SMO # 18. D.I. 571 at 4.

On September 21, 2022 at 1:53 PM, on the last day to file its motion, TQ Delta's counsel emailed Defendants to request a meet and confer to determine Defendants' position regarding whether SMO #18 or the September 7 Order "have found in any way that is conclusive, binding, or final that any Accused Product does not implement any portion of the MoCA 1.0/1.1 or MoCA 2.0 specifications." Ex. 1 at 1. In its email, counsel stated that another defendant, DISH, "has taken this position in recent correspondence and discussions" but noted that TQ Delta was "unaware of [Defendants'] clients' position(s)." *Id.*.[2] Having first heard of this issue in an email from TQ Delta on the afternoon of its intended filing, Counsel for Defendants responded that Defendants would not be in a position to respond on such short notice because counsel handling this issue was out of the country. *Id.* TQ Delta subsequently filed its Motion along with its D. Del. LR 7.1.1 Certification stating that it attempted to obtain Defendant's position on the Motion,

---

[2] As noted in TQ Delta's correspondence, TQ Delta's objections to the equivalent of SMO #18 entered in the DISH case, and DISH's response thereto, remains pending before the Court. *See* C.A. No. 15-614, D.I. 417 (Special Master Order No. 17); D.I. 428 (TQ Delta's objections); D.I. 437 (DISH defendants' response).

but the person responsible was unavailable for a conference. D.I. 532 at 1-2. TQ Delta did not mention that it had only reached out to Defendants' counsel less than 4 hours prior. *Id.*

## III. TQ DELTA HAS NOT MET ITS BURDEN TO SHOW THAT REARGUMENT, RECONSIDERATION, OR CLARIFICATION OF THE COURT'S SEPTEMBER 7, 2022 ORDER IS WARRANTED

A motion for reargument or reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issues its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). However, motions for reconsideration should be granted "sparingly." *AstraZeneca Pharms. LP v. Becerra*, C.A. No. 21-27-LPS, D.I. 112, at 15 (D. Del. Feb. 16, 2022) (citing D. Del. LR 7.1.5); *see also New Balance Athletics, Inc. v. USA New Bunren Int'l Co. Ltd. LLC*, 2020 WL 5593928, at *1 (D. Del. 2020) (stating that D. Del. LR 7.1.5 is the "functional equivalent" of Fed. R. Civ. P. 59(e) and "[t]he standard for obtaining relief" under these rules "is difficult to meet.") Furthermore, "[a] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009).

TQ Delta argues that its motion "is predicated on the need to correct a clear error of law or fact and to prevent manifest injustice." D.I. 532 at 4. But if anything about its basis for relief were so clear, TQ Delta would have discovered it long before the afternoon of its deadline. Indeed, TQ Delta states that its motion is directed to "a single issue – whether SMO #18 or the [Court's September 7] Order summarily found in any way that is conclusive, binding, or final that the Accused Products do not practice the MoCA standards at issue." D.I. 532 at 1. That is not a

request to correct any "manifest error of law or fact," nor is there anything in the Court's September 7 Order that requires correction.[3] Thus, TQ Delta has not stated a proper ground for reconsideration.

Nor does TQ Delta meet its burden for a motion for clarification; indeed, it fails to even address the standard in its Motion. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend . . . previous rulings" or to "make findings of fact." *TQ Delta, LLC v. Adtran*, C.A. No. 14-954-RGA, D.I. 865, at 2 (D. Del. Oct. 3, 2019) (quoting *Resolution Trust Corp. v. KPMG Peat Marwick*, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993)). "Although a district court may in some circumstances entertain a motion for clarification to resolve an ambiguity in a prior order," the movant must show that the court has "a duty to do so." *TQ Delta, LLC*, D.I. 865, at 2 (quoting *In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019)). Courts have held that motions for clarification that seek advisory opinions are impermissible. *See Jackson v. Rohm & Haas Co.*, 2006 WL 2732169, at *1-2 (E.D. Pa. Aug. 29, 2006) (denying plaintiff's "motion for clarification" finding that the motion was seeking the Court's advisory opinion on interpreting prior orders in the case in order to assist counsel in the drafting of a pleading).

TQ Delta has not shown that clarification is warranted. As TQ Delta concedes, "the Defendants in the above-captioned cases have not taken a position on this issue." D.I. 532 at 1. TQ Delta's motion references another defendant, DISH, and the positions that TQ Delta claims DISH has taken in a different litigation. D.I. 532 at 1. DISH, however, is not a party to the actions in which TQ Delta filed this motion. Accordingly, there is no live, justiciable controversy between

---

[3] To the extent TQ Delta intends by its motion to seek reconsideration of SMO #18 (as opposed to the Court's September 7 Order), such a request is untimely as the deadline to do so has passed.

the parties in the above-captioned cases regarding SMO #18 or the Court's September 7 Order. TQ Delta's motion amounts to an improper motion for clarification that seeks to obtain an advisory opinion from this Court. *Jackson*, 2006 WL 2732169 at *1-2; *see also In re WR Grace & Co.*, 475 B.R. 34, 97 (D. Del. 2012) ("It is firmly established in our judicial system that federal courts cannot issue advisory opinions.").

As the United States Supreme Court noted in *Alabama State Federation of Labor v. McAdory,* "[i]t has long been [the Court's] considered practice not to decide abstract, hypothetical, or contingent questions." 325 U.S. 450, 461 (1945). Indeed, TQ Delta's Motion is premised entirely on a contingent hypothetical – *if* Defendants take the position that SMO #18 and/or the Court's September 7 Order "summarily found in *any* way that is conclusive, binding, *or* final that the Accused Products do not practice the MoCA Standards at issue" (D.I. 532 at 1, emphasis added) *then* the Court should "clarify that there has been no conclusive, binding, or final determination that the Accused Products do not implement the MoCA Standards" or "reconsider or reverse that finding or allow reargument" (D.I. 532 at 5). But as TQ Delta acknowledges, the Defendants in these actions have not taken such a position. D.I. 532 at 1. Simply put, "there is no real and substantial controversy for the Court to decide" at this time between the parties on this issue. *In re WR Grace,* 475 B.R. at 98.

## VI. CONCLUSION

For the foregoing reasons, TQ Delta's Motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendants Comcast Cable Communications LLC, CoxCom LLC, Cox Communications Inc., Time Warner Cable Inc., and Time Warner Cable Enterprises LLC*

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
John R. Gibson
Jennifer H. Forte
DUANE MORRIS LLP
1075 Peachtree Street N.E., Suite 1700
Atlanta, GA 30309-3929
(404) 253-6900

Joseph A. Powers
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

John M. Baird
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC 2004-2166
(202) 776-7819

Stephanie Vazquez
DUANE MORRIS LLP
201 S. Biscayne Boulevard, Suite 3400
Miami, FL, 33131-4325
(305) 960-2200

GREENBERG TRAURIG, LLP

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7352
schladweilerb@gtlaw.com

*Attorneys for Defendant Verizon Services Corp.*

October 5, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 5, 2022, upon the following in the manner indicated:

Brian E. Farnan, Esquire
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

*BY ELECTRONIC MAIL*

Peter J. McAndrews, Esquire
Paul W. McAndrews, Esquire
Thomas J. Wimbiscus, Esquire
Scott P. McBride, Esquire
Rajendra A. Chiplunkar, Esquire
Ashley M. Ratycz, Esquire
David Z. Petty, Esquire
Andrew B. Karp, Esquire
Alan M. Montera, Esquire
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
*Attorneys for Plaintiff*

*BY ELECTRONIC MAIL*

Blake T. Dietrich, Esquire
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
*Attorneys for Plaintiff*

*BY ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)